James Henry SMITH Jr. *v.* STATE
of Arkansas

CR 76-12                              537 S.W. 2d 158

Opinion delivered June 1, 1976

*Harold L. Hall,* Public Defender, by: *William R. Simpson Jr., Dep. Public Defender, for appellant.*

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

Frank Holt, Justice. Appellant was convicted by the court, sitting as a jury, of two counts of burglary, Ark. Stat. Ann. § 41-1001 (Repl. 1964), and two counts of grand larceny, Ark. Stat. Ann. § 41-3901 (Repl. 1964). He was sentenced to six years in the Arkansas Department of Correction on each charge, to run concurrently, with the further order that he se. e one-third of the sentence before becoming eligible for parole.

Appellant was brought into the police station at approximately 11 a.m. for questioning regarding a till-tapping theft of a cash register in which one of appellant's companions and appellant's automobile were implicated. There was testimony that he was orally advised of his constitutional rights on the way to the police station. Upon arrival and before questioning, he was advised again of his rights. He signed a standard rights form at 11:40 a.m. He was told he was a suspect and that they (the police) were looking for a stolen cash register. Appellant signed a consent form to search his automobile. The interrogation stopped while the officers searched the automobile. The officers found a briefcase with broken locks, a tape recorder, a key to a local motel, two keys to another local motel, and a black coat. The papers and a passport in the briefcase bore the name of a customer of

one of the motels. Appellant was then interrogated regarding the articles found in his car. At approximately 12:30 appellant gave a written statement about his participation in the crime that led to his possession of the property. He testified that he thought he was signing something about possession of stolen property.

Appellant contends that the court erred in finding that he was properly advised of his rights and in admitting his statement into evidence. The thrust of appellant's argument is that his statement was not admissible because in the second interrogation he was questioned regarding an entirely new subject matter without being advised and given another Miranda warning that he was a suspect in a burglary and grand larceny investigation. We find no merit in appellant's contention.

In determining the voluntariness of a statement, this court makes an independent determination based upon the totality of the circumstances and the court's finding of voluntariness will not be set aside unless it is clearly against the preponderance of the evidence or "clearly erroneous." *Degler* v. *State,* 257 Ark. 388, 517 S.W. 2d 515 (1975).

Appellant argues that *Michigan* v. *Mosley,* 423 U.S. 96, 46 L. Ed. 2d 313, 96 S. Ct. 321 (1975), requires a full and complete Miranda warning at the outset of each interrogation and this is especially true where a defendant is being questioned in regards to a new or different incident. We do not so construe *Mosley.* There appellant was informed of his constitutional rights and then interrogated regarding some robberies. He said he did not want to discuss the robberies and the interrogation ceased. After an interval of more than two hours, Mosley was questioned by another police officer at another location about an unrelated holdup-murder. However, he was given full and complete Miranda warnings at the outset of the second interrogation. In the case at bar appellant did not ask to cut off the questioning. Appellant did testify that he said he wanted to speak to an attorney although the police said he did not ask for an attorney. One officer said appellant specifically said he did not want one when asked. There was testimony that appellant was advised of his constitutional rights twice within approximately

one hour during which time he signed a standard rights form and a consent to search his automobile. The police ceased their interrogation only long enough to perform a consensual search of appellant's automobile. Thereafter, appellant made and signed an incriminating statement which was less than an hour after he had been given a Miranda warning and had signed the standard rights form. Appellant was interrogated at the same location the second time by the same officers who had interrogated him the first time. Appellant had completed one year of college.

Where, as here, there was no significant time lapse between the two interrogations; there was no evidence that the police acted in such a way so as to dilute the efficacy of the earlier warnings; he was interrogated by the same officers in the same location as the earlier interrogation; and there was no indication that appellant was so intellectually deficient or emotionally unstable that he had forgotten his constitutional rights had been fully explained to him a short time earlier, we cannot say that the appellant was prejudiced by the failure of the officers to repeat the Miranda warnings or that the court's finding the statement was voluntary is "clearly erroneous." See *United States* v. *Hopkins*, 433 F. 2d 1041 (5th Cir. 1970); and *State* v. *McZorn*, 219 S.E. 2d 201 (N.C. 1975).

Neither do we find any merit in appellant's assertion that his statement should not have been admitted because he was not told he was a suspect in a burglary and grand larceny investigation. In *Hall* v. *State*, 259 Ark. 815, 537 S.W. 2d 155, delivered this date, appellant argued that she was not told she was being charged with murder. There we said "she undoubtedly knew why she was being questioned. The exact charge that would ultimately be made could hardly be determined until the investigation was complete and the information had been submitted to the prosecuting attorney. The trial judge had the advantage of hearing the testimony as it was given. We do not find his decision to be erroneous."

Affirmed.